UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RYAN A.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

1:24-CV-00651 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Ryan A. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 17), and Plaintiff's reply (Dkt. 18). For the reasons explained below, the Commissioner's motion (Dkt. 17) is granted, and Plaintiff's motion (Dkt. 11) is denied.

**BACKGROUND**

Plaintiff protectively filed his application for DIB on December 7, 2017. (Dkt. 5 at 96).[1] In his application, Plaintiff alleged disability beginning on January 31, 2016, due to anxiety, hepatitis C, opioid dependency in remission, herpes, and obstructive sleep apnea. (*Id.* at 84-85). Plaintiff's applications were initially denied on May 14, 2018. (*Id.* at 97-102). A telephone hearing was held before administrative law judge ("ALJ") John Benson in Buffalo, New York, on August 11, 2020. (*Id.* at 48-71). On August 25, 2020, the ALJ issued an unfavorable decision. (*Id.* at 30-43). Plaintiff requested Appeals Council review; his request was denied on August 31, 2022. (*Id.* at 8-13).

Thereafter, Plaintiff appealed the Commissioner's determination to the United States District Court for the Western District of New York, and on January 31, 2023, the parties stipulated to remand the case for further administrative proceedings. (Dkt. 6 at 589-90). The Appeals Council remand, dated June 6, 2023, noted that Plaintiff had filed subsequent claims for DIB and SSI on October 20, 2022, and instructed the ALJ to consolidate the claims on remand. (*Id.* at 592-97). ALJ Bryce Biard held a second telephone hearing on January 30, 2024. (*Id.* at 266-318). The ALJ issued an unfavorable decision on March 13, 2024. (*Id.* at 235-52). This action followed.

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

### II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2021. (Dkt. 6 at 241). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 31, 2016, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "major depressive disorder, generalized anxiety disorder, unspecified personality disorder, and sleep apnea." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of hypertension, hyperlipidemia, hepatitis C, herpes, dermatitis, sinusitis, gastroesophageal reflux disease ("GERD"), dysuria, constipation, impaired fasting glucose, mild obesity, chest pain, edema, nausea, sleep disturbance, opioid dependency in remission, and substance abuse disorder were non-severe. (*Id.* at 241-42).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 242). The ALJ particularly considered the criteria of Listings 3.09, 4.02, 12.02, 12.04, 12.06, and 12.08 in reaching his conclusion. (*Id.* at 242-43).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> he can engage in work with simple, routine tasks (that can be learned after a short demonstration or within thirty days). The claimant can engage in work that allows for variations in productivity. The claimant can occasionally interact with the public, and he can frequently interact with coworkers and supervisors. The claimant can engage in work that does not require teamwork (such as on a production line). The claimant can engage in work that requires doing the same tasks every day with little variation in location, hours, or tasks. The claimant can engage in work that allows a person to be off-task for 10% of the workday, in addition to regularly scheduled breaks.

(*Id.* at 245). At step four, the ALJ found that Plaintiff has no past relevant work. (*Id.* at 250).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of kitchen helper, floor waxer, and warehouse worker. (*Id.* at 251). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act, from January 31, 2016, through the decision date. (*Id.* at 252).

## II. <u>The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error.</u>

Plaintiff asks the Court to remand this matter to the Commissioner, arguing (1) the ALJ failed to properly evaluate Plaintiff's substance use disorder, and (2) the ALJ failed to reconcile the RFC with the persuasive opinion of Susan Santarpia, Ph.D. (Dkt. 11-1 at 1, 11-18). In response, the Commissioner argues that the ALJ evaluated Plaintiff's substance use disorder in accordance with the regulations, and that the ALJ's mental RFC finding

fully accounts for Dr. Santarpia's opinion. (Dkt. 17-1 at 7-15). For the reasons explained below, the Court concludes that neither of Plaintiff's arguments require remand.

**A. Evaluation of Plaintiff's Substance Abuse Disorder**

Plaintiff's first argument is that the ALJ did not properly evaluate his substance abuse disorder. (Dkt. 11-1 at 11-13). Specifically, Plaintiff argues that the ALJ made numerous references to Plaintiff's substance abuse disorder when assessing the RFC, and despite the requirement that the ALJ separately consider Plaintiff's RFC with his substance abuse disorder and then without the substance abuse order, the ALJ addressed Plaintiff's substance abuse disorder and mental health impairments in one RFC. (*Id.*). In response, the Commissioner argues that Plaintiff misstates the regulations relating to the consideration of substance abuse, and because the ALJ found that Plaintiff was not disabled, there was no need to determine whether Plaintiff's substance abuse disorder materially contributed to a finding of disability or to evaluate Plaintiff's functioning in the absence of substance abuse. (Dkt. 17-1 at 7-9).

"Under the 1996 amendments to the Social Security Act, an individual 'shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Mims v. Apfel*, 182 F.3d 900, at *1 (2d Cir. 1999) (citation omitted). Accordingly, "[w]hen there is medical evidence of an applicant's drug or alcohol abuse, the 'disability' inquiry does

not end with the five-step analysis." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012).

"The 'key factor' in determining whether alcoholism or drug addiction is [a] contributing factor material to the determination of disability is whether the claimant would still meet the definition of disabled under the Act if he stopped using alcohol or drugs." *Frankhauser v. Barnhart*, 403 F. Supp. 2d 261, 272 (W.D.N.Y. 2005); *see also Smith v. Comm'r of Soc. Sec.*, 731 F. App'x 28, 30 (2d Cir. 2018) ("Drug addiction is a material factor if the individual would not be found disabled if she stopped using drugs."); *Cage*, 692 F.3d at 123 ("The critical question is 'whether [the SSA] would still find [the claimant] disabled if [she] stopped using drugs or alcohol.'" (quoting 20 C.F.R. § 416.935(b)(1)) (alterations in original). "If the remaining limitations would still be disabling to the claimant on their own, then the claimant is entitled to . . . benefits. If the remaining limitations would not be disabling on their own, then the alcohol or substance abuse is considered material; and the claimant would not be eligible for benefits." *Hernandez v. Astrue*, 814 F. Supp. 2d 168, 181 (E.D.N.Y. 2011) (citations omitted).

The claimant bears the burden of proof of showing immateriality, *Cage*, 692 F.3d at 123-24, which requires him "to show through evidence in the record that he would be disabled even if there was no substance abuse," *Wehrhahn v. Colvin*, 111 F. Supp. 3d 195, 205 (D. Conn. 2015). "[E]vidence from a period of abstinence is the best evidence for determining whether an [impairment] would improve to the point of nondisability." *Ervin-Atkinson v. Comm'r of Soc. Sec.*, No. 18-CV-1056 FPG, 2020 WL 830434, at *2 (W.D.N.Y. Feb. 20, 2020) (citation omitted); *see also Rowe v. Colvin*, No. 8:15-cv-00652

TWD, 2016 WL 5477760, at *8 (N.D.N.Y. Sept. 29, 2016) ("The medical evidence also supports a finding that Plaintiff's functioning improved since Plaintiff abstained from alcohol, including periods of 'brief sobriety.'").

As relevant here, "[i]n general, if a plaintiff has drug addiction and alcoholism ("DAA") and if plaintiff is disabled considering all of his or her impairments, including the DAA, then the ALJ is required to perform addition[al] analysis." *Patrick F. G. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0537, 2021 WL 3421446, at *8 (W.D.N.Y. Aug. 5, 2021) (citing SSR 13-2p). "However, if the plaintiff has a DAA and the ALJ determines plaintiff is not disabled considering all of plaintiff's impairments, then the analysis concerning DAA materiality ends." *Id.*; *see also Bradley F. v. Comm'r of Soc. Sec.*, No. 21-CV-0529 MWP, 2023 WL 6163432, at *5 (W.D.N.Y. Sept. 21, 2023) ("*[I]f the ALJ determines that a claimant is disabled*, and the record contains medical evidence of substance abuse, the ALJ must proceed to determine whether the substance abuse is a contributing factor material to the determination of disability—that is, whether the claimant would still be found disabled if he stopped using drugs or alcohol." (citation omitted) (emphasis added)); *see also Cage*, 692 F.3d at 123 (explaining that where there is medical evidence of a claimant's substance abuse, the disability inquiry does not end with the five-step analysis, and the critical question is "whether the SSA *would still find the claimant disabled* if she stopped using drugs or alcohol" (alterations and citation omitted) (emphasis added)).

Here, the ALJ acknowledged Plaintiff's substance abuse disorder and concluded that it was a non-severe impairment. (*See* Dkt. 6 at 241). The ALJ noted Plaintiff's

testimony that he has not used drugs or alcohol since starting methadone maintenance ten years prior and medical records documenting that Plaintiff consistently denied any concerns or issues regarding his history of substance abuse. (*Id*. at 246-47). The ALJ ultimately concluded that Plaintiff was not disabled—with or without the substance abuse disorder. Accordingly, the ALJ was not required to engage in the separate analysis regarding Plaintiff's substance abuse disorder (*i.e.*, whether the plaintiff would remain disabled if he stopped using drugs or alcohol). *See Patrick F. G.*, No. 1:20-CV-0537, 2021 WL 3421446, at *8; *see also Paulette M. v. Comm'r of Soc. Sec.*, No. 23-CV-04668 HG, 2025 WL 383656, at *9 (E.D.N.Y. Feb. 4, 2025) (noting that "Plaintiff seems to take issue with the fact that the ALJ discussed Plaintiff's substance abuse in the first run of the five-step analysis," but explaining that "the mere discussion of Plaintiff's DAA in the ALJ's first five-step analysis was not error"); *Peter W. v. Comm'r of Soc. Sec.*, No. 6:20-CV-1551 TWD, 2022 WL 523744, at *10 (N.D.N.Y. Feb. 22, 2022) ("Plaintiff contends the ALJ failed to properly evaluate the materiality of drug and alcohol abuse on Plaintiff's functional limitations, as required by SSR 13-2. This challenge is misplaced, as the DAA regulations and SSR 13-2 'only contemplate an analysis concerning the materiality of drug and/or alcohol abuse *after* a claimant is found disabled at step five.'") (quoting *Anderson v. Berryhill*, No. 14-CV-6937 DLI, 2017 WL 1154993, at *11 (E.D.N.Y. March 27, 2017)).

Plaintiff cites *Faeth v. Comm'r of Soc. Sec.*, No. 19-CV-6133 SR, 2020 WL 5792975 (W.D.N.Y. Sept. 29, 2020) and *Jessica B. v. Comm'r of Soc. Sec.*, No. 20-CV-1512 MWP, 2022 WL 3584365 (W.D.N.Y. Aug. 22, 2022) for the proposition that the ALJ committed error because he discussed Plaintiff's substance abuse disorder when assessing

the RFC. (*See* Dkt. 11-1 at 12-13). Plaintiff's reliance on these cases is misplaced. In *Faeth* and in *Jessica B.*, the plaintiff's substance abuse disorder was ongoing, and the court found that the ALJ improperly considered the substance abuse disorder during the assessment of the RFC and therefore minimized the plaintiff's functional limitations. *See Jessica B.*, 2022 WL 3584365, at *3-5 (concluding that "the ALJ placed undue emphasis on plaintiff's ongoing substance abuse struggles without properly evaluating the materiality of her substance abuse as required by applicable regulations," noting that the ALJ's references to the plaintiff's ongoing substance abuse issues suggested that "the ALJ conflated the substance abuse analysis with the disability determination itself," and that the ALJ discounted certain limitations because they were associated with ongoing substance abuse issues); *Faeth*, 2020 WL 5792975, at *5 ("As the record suggests that the ALJ based his determination on a short-lived period of sobriety and may not have considered evidence of significant effects of ongoing substance abuse in his initial assessment of plaintiff's RFC, remand is required."). In other words, *Jessica B*. and *Faeth* stand for the proposition that an ALJ should refrain from using evidence of substance abuse to discount the severity of the plaintiff's other impairments or other medical opinions in the record. Here, the ALJ took no such action, and the concerns raised by these cases are not present, including because Plaintiff reported no concerns of ongoing substance abuse. As explained above,

an ALJ's mere discussion of a plaintiff's DAA in the first five-step analysis is not error. Accordingly, remand is not required on this basis.

### B. The Mental RFC and Dr. Santarpia's Opinion

Plaintiff's next argument is that the ALJ failed to reconcile the RFC with Dr. Santarpia's persuasive opinion. (Dkt. 11-1 at 14-18). Specifically, Plaintiff contends that the ALJ failed to reconcile the RFC with Dr. Santarpia's opinion that Plaintiff had mild-to-moderate limitations for regulating emotion, controlling behavior, and maintaining well-being. (*Id*. at 16). In response, the Commissioner argues that the mental RFC fully accounts for Dr. Santarpia's opinion. (Dkt. 17-1 at 9). The Commissioner notes that the RFC finding, which limits Plaintiff to simple, routine tasks, occasional interaction with the public, and no teamwork, accounts for Dr. Santarpia's opinion that Plaintiff has mild-to-moderate limitations for regulating emotions, controlling behavior, and maintaining well-being. (*Id*. at 9-10).

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *id*., an ALJ is not a medical professional, and therefore he "is not qualified to assess a claimant's RFC on the basis of bare medical findings," *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted). However, at bottom, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of*

*Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to] consider[] the medical and other evidence in the record in its totality to reach an RFC determination"); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (quotations, citations, and alteration omitted)). In arriving at the RFC, the ALJ's reasoning "must always be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Gail F. v. Comm'r of Soc. Sec.*, No. 21-CV-120 FPG, 2022 WL 17578465, at *4 (W.D.N.Y. Dec. 12, 2022) (quotations and citation omitted).

Plaintiff underwent a psychiatric evaluation with Dr. Santarpia on December 13, 2023. (Dkt. 7 at 269-73). Upon mental status examination, Plaintiff was cooperative, and he had intact attention and concentration, intact recent and remote memory skills, fair insight and judgment, and he was estimated to have average cognitive functioning. (*Id.* at 270-71). Dr. Santarpia offered the following Medical Source Statement:

> He presents as able to understand, remember, or apply simple, as well as complex directions and instructions; use reason and judgment to make work-related decisions; interact adequately with supervisors, coworkers, and the public; sustain concentration and perform a task at a consistent pace; sustain an ordinary routine and regular attendance at work; maintain personal hygiene and appropriate attire; and be aware of normal hazards and take appropriate precautions within normal limits. Mild to moderate impairment

> is demonstrated in regulating emotion, controlling behavior, and maintaining well-being. Difficulties are caused by lack of motivation.

(*Id*. at 272).

The ALJ discussed Dr. Santarpia's examination and opinion in the written determination. (Dkt. 6 at 248). The ALJ concluded that Dr. Santarpia's opinion was persuasive due to her mental health expertise, as well as the consistency and supportability of her opinion, including with the opinions offered by psychological consultant L. Blackwell, Ph.D., and psychiatrist Luis E. Canepa, M.D. (*Id*. at 249). The ALJ further noted that these opinions were supportable because the mental status examination clinical findings in the record were generally unremarkable. (*Id*.). As noted above, the RFC limits Plaintiff to simple, routine tasks, work that allows for variations in productivity, occasional interaction with the public, frequent interaction with co-workers and supervisors, limited interaction with others, no teamwork, and work that requires doing the same tasks each day, with little variation in location, hours, or tasks. (*Id*. at 245).

Plaintiff does not challenge the ALJ's assessment of Dr. Santarpia's opinion. Rather, Plaintiff argues that the written determination does not adequately explain why the RFC did not account for the mild-to-moderate limitations assessed by Dr. Santarpia. As explained above, the ALJ discussed Dr. Santarpia's opinion and why he found it to be persuasive, including because it was consistent with other evidence in the record. The Court can discern from the written determination which limitations assessed by Dr. Santarpia the ALJ found to be consistent with the record and were correspondingly considered when formulating the RFC. (*See, e.g.*, Dkt. 6 at 243 (discussing that Dr. Santarpia found that Plaintiff had average cognitive functioning and no limitations in the

ability to understand, remember, or apply simple and complex instructions and directions, and concluding that Plaintiff had a mild limitation for understanding, remembering, or applying information); *id*. at 244 (discussing that Dr. Santarpia found that Plaintiff had fair insight and judgment, and concluding that Plaintiff had moderate limitations for adapting or managing himself); *see also id*. at 248 ("As for the claimant's mental functioning, the opinions reflect some limits, but are generally not disabling.")).

Further, contrary to what Plaintiff's argument suggests, the RFC's mental restrictions account for the limitations assessed by Dr. Santarpia. An RFC for simple, unskilled work, with little variation in location, hours, or tasks, no teamwork, and occasional interaction with the public, is consistent with Dr. Santarpia's opinion that Plaintiff has a mild-to-moderate impairment in regulating emotion, controlling behavior, and maintaining well-being. *See, e.g., Brenda J. T. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00980 LEK/PJE, 2025 WL 2933193, at *10 (N.D.N.Y. Aug. 31, 2025) ("courts have found that limiting a plaintiff to simple and routine work with occasional interaction with coworkers and the public is consistent with limitations in the area of ability to adapt or manage oneself" (collecting cases)); *Terrence S. B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-0380 JJM, 2024 WL 4131237, at *7 (W.D.N.Y. Sept. 10, 2024) ("Up to moderate limitations in the functional area of regulating emotion, controlling behavior, and maintaining well-being may be accounted for in an RFC by limiting a plaintiff to simple, routine work with limited interactions with others."); *Jacqueline L. v. Comm'r of Soc. Sec.*, No. 6:19-CV-06786, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021) ("[T]he ALJ's limiting Plaintiff to occasional interaction with supervisors, coworkers and the general public, as

well as low stress work, defined as work involving occasional decision making, is consistent with the medical evidence in the record and is supported by the opinion of Dr. Deneen, who found that Plaintiff would be moderately limited in interacting with others and regulating her emotions, behavior, and well-being."). Plaintiff has failed to demonstrate that any additional limitations are required. Accordingly, remand is not required on this basis.

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 17) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 11) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 24, 2026
Rochester, New York